# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8595 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Polichemi vs. 115 Bourbon Street et al | | |

**DOCKET ENTRY TEXT**

Based on the foregoing, the Court grants Polichemi's Motion to Proceed *In Forma Pauperis* [4]..

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Lorraine Polichemi ("Polichemi") filed a Verified Complaint against her former employers, 115 Bourbon Street ("Bourbon Street"), a large restaurant and banquet facility, and Vincent DiNovo ("DiNovo"), its President and manager of its employees (both, the "Defendants"). Polichemi alleges the Defendants failed to pay her overtime wages in violation of federal and state law and failed to pay her vacation days in violation of state law. Polichemi filed a Motion to Proceed *In Forma Pauperis* [Doc. #4] and for the following reasons, the Court grants her motion.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Polichemi to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Polichemi need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed in forma pauperis if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Polichemi has been unemployed since she left Bourbon Street in May 2011 and the only source of income for her and her husband is $1,188 per month in unemployment benefits. Polichemi owns no financial instruments, automobile, real estate or other property and is entirely responsible for her husband's support. Based on these facts, Polichemi's financial affidavit sets forth her inability to pay the mandated court fees.

Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Polichemi alleges that she began working in the kitchen for an hourly wage at Bourbon Street in 1999, when the restaurant opened. In 2001, she became a Banquet Coordinator and was paid a salary of $1,200 every two weeks, until her raise in 2002 to $1,400. From 2004 to 2008, Polichemi performed clerical duties such as answering phones,

| **STATEMENT** |
|---|

verifying employees' hours for payroll processing, and preparing reports. From 2008 until 2011 when she left Bourbon Street, she worked as a Hostess to fill "to go" order, draw up the servers' floor plan and station assignments, set up utensils, and help serve customers and buss tables when the restaurant was very busy. Polichemi never had the authority to hire or fire employees and servers reported their absences to managers rather than to her.

As a Hostess, Polichemi worked between 44 and 46.5 hours each week without ever receiving overtime wages. Based on her calculations of an overtime rate of $7.78, she alleges the Defendants owe her $6,163.73 for her overtime work from December 1, 2008 until April 25, 2011, or liquidated damages of $12,327.46.

Polichemi alleges the Defendants misclassified her as an exempt employee to avoid paying her overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under the FLSA, an employer must pay its employees overtime wages for each hour worked in excess of 40 hours a week, at 150% of the employee's regular hourly wage. 29 U.S.C. § 207(a)(1); *see also Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 666 (7th Cir. Ill. 2010), *cert. denied*, 131 S. Ct. 1484, 179 L. Ed. 2d 303 (2011) (the FLSA "sets the standard workweek at 40 hours and requires employers to pay their non-exempt employees one and one-half times their regular rate of pay for any hours worked in excess of 40."). She claims this failure also violated the corollary Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq. Id.* at 672, n.3 ("The overtime provision of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1), is parallel to that of the FLSA, and Illinois courts apply the same principles ... to the state provision."). She also alleges the Defendants deducted $140 per vacation day she took in October and November 2010, in violation of both the Bourbon Street Employee Handbook allowing her ten paid vacation days, and the Illinois Wage Payment and Collection Act, 820 ICLS 115/9 *et seq.* Sections 1331 and 1367 of Title 28 of the United States Code, respectively, afford federal question jurisdiction over claims arising under the FLSA, and supplemental jurisdiction over the overtime and vacation days claims arising under Illinois state law. The Court finds that Polichemi has presented a non-frivolous colorable cause of action that puts the Defendants on sufficient notice of the claims against them.

Based on the foregoing, the Court grants Polichemi's Motion to Proceed *In Forma Pauperis*.